968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alan RUTENBERG, Plaintiff-Appellee,
v.
Charles RUTENBERG, Defendant-Appellant.
 No. 91-3320.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1992.
decided July 10, 1992.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In this diversity case, Alan Rutenberg sued his father, Charles Rutenberg, to enforce payment of a promissory note valued at 1.7 million dollars. The parties stipulated to the facts necessary to decide liability on the note. Charles, however, contested the court's jurisdiction over his person. Charles lives in Florida and the transaction was initiated there. Also, the property transferred in consideration of the note is located in Florida. Hence, he claimed that the Illinois long-arm statute does not reach him. He also argued that even if the long-arm statute applied, he did not have enough minimum contacts with the state of Illinois to ensure fair play and substantial justice in the application of the statute.
 
 
 2
 The district court held that the Illinois long-arm statute applies in this case because Charles had transacted business in the state of Illinois. The court based its finding on the facts that Charles delivered the note in Illinois where his son lives, payments on the note are to be sent to Illinois, and enforcement of the note is subject to the laws of the state of Illinois.
 
 
 3
 Continental Bank, N.A. v. Everett, 964 F.2d 701 (7th Cir.1992), settles the question of personal jurisdiction in this case. In Everett, the parties to a loan agreement disputed the issue of whether their "the[ir] entire course of dealings amounted to a 'transaction of any business within' Illinois." Id. at 703. This court, however, said that that question did not matter because "[l]ate in 1989, before the Bank commenced this suit, Illinois amended its long-arm statute to assert personal jurisdiction over those who participate in '[t]he making or performance of any contract or promise substantially connected with this State.' " Id. (citing Ill.Rev.Stat. ch 110 para. 2-209(a)(7)). Applying the proper section of the Illinois long-arm statute, Everett held that because the parties arranged for the loan documents to be delivered in Illinois, set up payment of the loan in Illinois, and agreed that Illinois law would govern disputes between the guarantors, "the loan and guarantees are 'substantially connected with' Illinois." Id. Everett also said that "[t]hese same considerations show that personal jurisdiction is consistent with the due process clause of the fourteenth amendment." Id.
 
 
 4
 As in Everett Alan Rutenberg commenced this suit after Illinois amended its long-arm statute. As in Everett the parties had the note delivered in Illinois, called for payment to be made in Illinois, and agreed that Illinois law would govern disputes on the note. Everett compels a finding that the court had personal jurisdiction over Charles Rutenberg in this case.
 
 
 5
 We would reach the same result under Ill.Rev.Stat. 2-209(a)(1). A party to a contract transacts business in Illinois when he "invokes the benefits and protections of Illinois law in [a] contractual relationship." Heritage House Restaurants v. Continental Funding, 906 F.2d 276, 280 (7th Cir.1990) (quoting Arthur Young & Co. v. Bremer, 197 Ill.App.3d 30, 36, 554 N.E.2d 671, 675 (1990)). The contract here clearly was to be governed by the laws of Illinois. That the note was delivered to the party in Illinois, and payment was made in Illinois further ensures that Charles Rutenberg had enough minimum contacts with the state to satisfy the due process clause of the Fourteenth Amendment. Burger King v. Rudzewicz, 471 U.S. 462, 479-482 (1985).
 
 
 6
 AFFIRMED.